**UNITED STATES DISTRICT COURT**
**District of Maine**

| | |
|---|---|
| DOWNEAST VENTURES, LTD.,              ) | |
|                                       ) | |
|           Plaintiff                   ) | |
|                                       ) | |
|     vs.                               ) | Civil No.: 05-87-BW |
|                                       ) | |
| WASHINGTON COUNTY and                 ) | |
| WASHINGTON COUNTY SHERIFF'S           ) | |
| DEPARTMENT, ET AL.,                   ) | |
|                                       ) | |
|           Defendants                  ) | |

<u>ORDER ON BILL OF COSTS</u>

Having reviewed Defendants' Bill of Costs (Docket No. 292), Plaintiff's Response to Motion re Bill of Costs (Docket No. 295) and Defendants' Reply to Response to Motion re Bill of Costs (Docket No.297), the Clerk of Court taxes costs in favor of Defendants in the amount of Six Thousand One Hundred Ninety-Three Dollars and Seventy Cents ($6193.70.)

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs...." Those expenses which may be taxed are delineated in 28 U.S.C. § 1920.

Postage, shipping and handling costs for the delivery of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d. 1087 (N.D. Ill. 2002). Additional charges for word indices, ASCII, and color photocopies that were incurred for the convenience of counsel are also not allowed.

*Burton v. R.J. Reynolds Tobacco, Co.*, 395 F. Supp.2$^d$ 1065 (D. Kan. 2005). The Clerk therefore denies reimbursement for postage, shipping, handling, word indices and color photocopies.

Although a Central District of California district judge initially interpreted the Supreme Court's decision in *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987) narrowly, holding that the cost of obtaining copies of deposition transcripts is not taxable since that expense is not expressly listed in 28 U.S.C.A. § 1920, ( *Viacao Aerea Sao Paulo, S.A. v. International Lease Finance Corp.,* 119 F.R.D. 435 (C.D. Cal. 1988)) that view was subsequently rejected by the Ninth Circuit. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, (9th Cir. 1990).

It is generally held to be within the discretion of the district court or clerk to tax, in favor of the prevailing party, the cost of obtaining copies of depositions when necessarily obtained for use in the case. *See Whitfield v. Scully*, 241 F.3d 264 (2d Cir. 2001); *Cofield v. Crumpler*, 179 F.R.D. 510 (E.D. Va. 1998); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.,* 952 F. Supp. 415 (N.D. Tex. 1997). Deposition copies that are used for the prevailing defendant's preparation of his summary judgment motion, and upon which the district court relied in its order granting summary judgment are taxable as costs. *Willbanks v. Woodrow*, 65 F.3d 179 (Table), 1995 WL 519157 (C.A.10 (Okla.)), citing *Gibson v. Greater Park City Co.*, 818 F.2d 722, 725 (10th Cir.1987).

The Clerk allows reimbursement for costs of depositions and copies of exhibits as follows:

| | | |
|---|---|---|
| Bailey, Harry | 11/3/06 | $170.10 |

|  | | |
|---|---|---|
|  | 12/19/06 | $384.20 |
| Davidson | 11/15/06 | $119.70 |
| Ebbert | 10/30/06 | $422.80 |
|  | 12/6/06 | $396.90 |
| Filler | 10/25/06 | $505.05 |
| Guptill, Carol | 9/29/06 | $528.75 |
| Guptill, Lyle | 11/15/06 | $22.00 |
| Guptill, William | 9/27/06 | $512.75 |
| Guptill, William | 9/28/06 | $560.25 |
| Guptill, William | 10/19/06 | $355.25 |
| Guptill, William | 10/20/06 | $468.75 |
| Guptill, William | 11/2/06 | $486.50 |
| Guptill, William | 11/3/06 | $161.70 |
| Holmes | 11/15/06 | $262.40 |
| Peasley | 11/15/06 | $118.40 |
| Ramsdell, Bickford | 11/15/06 | $117.60 |
| Seeley, Lester | 11/14/06 | $184.80 |
| Tibbetts, Joseph | 11/14/06 | $245.70 |
| West | 11/15/06 | $170.10 |

Note that reimbursement allowed for William Guptill's 10/19/2006 deposition was adjusted to $355.25 because a review of the invoices attached to Defendants' Bill of Costs showed that the amount originally requested ($505.25) included fees for a separate deposition not requested for reimbursement by Defendants.

_____
Linda L. Jacobson
Clerk, U.S. District Court

Dated this 10th day of October, 2007

3